## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  21-CR-00361-JFH** |
| | ) | |
| **CAMERON KELLY MCABEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through its attorneys, Clinton J. Johnson, Acting United States Attorney for the Northern District of Oklahoma, and Christopher J. Nassar, Assistant United States Attorney, moves the Court to enter a Protective Order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, and video and audio recordings, and in support thereof states as follows:

1. Pursuant to Local Criminal Rule 12.1(E), the United States advises the Court that the undersigned Assistant United States Attorney consulted with counsel for the Defendant, CAMERON KELLY MCABEE regarding his position in reference to this motion and he has no objection to the government's motion.

2. Discovery in this investigation consists primarily of audio and video recordings, image files, documents, phone extractions, and other messages involving identifying information of minors and other witnesses.

3.      In order to protect the personally identifiable information of the minor victims and other witnesses, a protective order should be entered for all documents provided to the Defendant, requiring that Defendant shall:

a.      not disseminate the recordings, transcripts, and other investigative materials provided pursuant to discovery for any purpose other than to those individuals identified in subparagraph c;

b.      not show the transcripts and other investigative materials provided pursuant to discovery to anyone other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case; and

c.      not reproduce the documents, transcripts and other investigative materials for dissemination individuals other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

4.      Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.  *Alderman v. United States*, 394 U.S. 165, 185 (1969).

5.      All discovery production will still be subject to the restrictions on discovery containing child sexual abuse material found in 18 U.S.C. 3509(m)

WHEREFORE, the United States respectfully requests that the Court enter a protective order for all discovery and investigative materials to include, but not be limited

to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, law enforcement reports, digital discovery, interviews, documents, and cell phone extractions generated through the criminal investigation.

Respectfully submitted,
CLINTON J. JOHNSON
Acting United States Attorney

*/s/ Christopher J. Nassar*
Christopher J. Nassar, OBA No.31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on the 25th day of August 2021, I electronically submitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Travis D. Horton
*Counsel for Defendant*

*/s/ Christopher J. Nassar*
Christopher J. Nassar
Assistant United States Attorney