IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 21-CR-361-JFH |
| | ) | |
| CAMERON KELLY MCABEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION REQUESTING THE COURT
DECLARE CASE A COMPLEX MATTER PURSUANT TO
18 U.S.C. § 3161(h)(7)(B)(ii)**

The United States, by and through Assistant United States Attorney Christopher J. Nassar, and Defendant Cameron Kelly McAbee by and through his attorney, Travis D. Horton, move the Court to find the captioned case is a complex case which will require extended litigation under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), to continue the jury trial to May 2022 trial term, and to extend the corresponding dates set forth in the Court's scheduling order (Dkt # 18). In support of the motion, the parties would show the Court:

1. Defendant McAbee was arrested by the FBI on July 26, 2021 after a short reactive investigation that occurred in response to information uncovered by an undercover officer in an online chat room.

2. Defendant McAbee was indicted on federal charges by the next available Grand Jury on August 18, 2021. He made his initial appearance, was arraigned, and received appointed counsel on August 2, 2021. Defendant remains detained pending trial.

1

3. The four-count indictment alleges violations of: (1) 18 U.S.C. §§ 2252A(g)(2) and (g)(1) – Child Exploitation Enterprise, with a penalty of not less than 20 years imprisonment or more than life imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release; 18 U.S.C. §§ 2251(b) and 2251(e) – Sexual Exploitation of a Child by a Parent, with a penalty of not less than 15 years imprisonment or more than 30 years imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release; 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Receipt and Distribution of Child Pornography with a penalty of not less than 5 years imprisonment or more than 20 years imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release; and 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) – Possession of Child Pornography in Indian Country with a penalty of not more than 20 years imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release.

4. Initial discovery, consisting of just a limited amount of chatroom conversations collected by the undercover officer and that had been sanitized of child sexual abuse material (CSAM), was produced to defense on August 5, 2021.

   Dozens of electronic devices consisting of phones, computers, hard drives, flash drives, and numerous homemade hidden cameras containing SD cards were seized by agents during search warrants and are pending review. Agents know from the investigation that these cameras were emplaced for the purposes of capturing CSAM. It is also known that not all the cameras constructed by Defendant have been discovered by law enforcement. Not only will the forensic review of the conventional electronic

devices take a significant amount of time, but special considerations must also be taken in forensically examining the homemade cameras to ensure data is not accidently destroyed. Agents then must visually review potentially thousands of hours of video footage captured by the cameras for CSAM. Additionally, much of this offense took part in online chatrooms with as many as 18 coconspirators.

Agents and government attorneys must conduct extensive follow up investigation and legal process into the multiple online chatrooms, review the data, and then identify and arrest coconspirators. Multiple FBI field offices and foreign law enforcement agencies are taking part in the investigation and collecting discovery from all involved investigators is expected to take months, especially from investigators overseas. Follow-up interviews with other potential child victims of both Defendant and coconspirators are also pending. Lastly, any digital discovery CSAM cannot be produced to Defense counsel pursuant to 18 USC 3509(m) and must be reviewed at the FBI offices. It is expected that there will be gigabytes worth of digital discovery containing CSAM.

Accordingly, the parties cannot conduct an adequate investigation, process and produce forthcoming discovery, and prepare for trial within the constraints of the Speedy Trial Act.

5. The charges facing Defendant are not only serious, but the child exploitation enterprise charge is a relatively rarely charged statute and carries a penalty of 20 years to life imprisonment. Due to the nature of the offenses charged, the large punitive exposure to Defendant, and the novel nature of the lead charge, Counsel of both parties will need

time beyond that allowed by the Speedy Trial Act to complete reviewing the evidence, conduct legal research, consider appropriate motions, and prepare for trial.

6. The parties agree this is not a typical case in federal district court. The Speedy Trial Act contains provisions which address the atypical, complex case based on the quantity or nature of discovery and the complexity of the case. Title 18 U.S.C. § 3161(h)(7)(B)(ii) states:

   i. (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

      1. (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

   For the reasons set forth above, Counsel believes this case to be an unusual and complex matter.

7. Defendant has executed a Speedy Trial Waiver which is being filed contemporaneously herewith.

WHEREFORE, the United States and Defendant jointly request the Court find this case to be complex within the meaning of the Speedy Trial Act and continue the jury trial to the May 2022 jury trial term, and to extend the corresponding dates set forth in the Court's scheduling order (Dkt # 18).

    Respectfully submitted,

    CLINTON J. JOHNSON
    Acting United States Attorney

    */s/ Christopher J. Nassar*
    CHRISTOPHER J. NASSAR, OBA# 31167
    Assistant United States Attorney
    110 West 7th Street, Suite 300
    Tulsa, Oklahoma 74119
    (918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and notification was sent to the following recipient:

Travis Don Horton

*/s/ Christopher J. Nassar*
Christopher J. Nassar
Assistant United States Attorney
