IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CR-361-JFH |
| | ) |
| **CAMERON KELLY MCABEE,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT CAMERON MCABEE'S SENTENCING MEMORANDUM**

**COMES NOW,** Defendant Cameron McAbee, by and through his attorney of record, John M. Dunn, and respectfully offers this Sentencing Memorandum to the Court for consideration when imposing sentence in the above-styled matter. In support of which, the Defendant shows the Court as follows:

**I. INDICTMENT**

Mr. McAbee was named in a four count indictment on August 17, 2021, alleging - Count One: Child Exploitation Enterprise, Count Two: Sexual Exploitation of a Child by a Parent, Count Three: Receipt and Distribution of Child Pornography, and Count Four: Possession of Child Pornography in Indian Country.

**II. PLEA AND COOPERATION**

On May 5, 2022, pursuant to a plea agreement, Mr. McAbee entered a plea of "Guilty" to Counts I-IV of the indictment. The Government made no offers of favorable sentencing, but has permitted the Defendant to seek a variance or downward departure. Because of the nature of the charge, there was not a good opportunity to cooperate with the Government. However, it should be noted that the Defendant has not filed Motions or in anyway acted to slow the progress of this prosecution.

### III.  SENTENCING FACTORS

When crafting the appropriate sentence, it is incumbent upon the Court to consider the sentencing factors identified at 18 U.S.C. § 3553.

A.  <u>18 U.S.C. § 3553(a)(1) - the nature and circumstances of the offense, and the history and characteristics of the Defendant</u>

Mr. McAbee was born on January 2, 1990 to Chuck McAbee and Robin Sparker.  Robin died of cancer in 2017.  His parents separated when he was two years old, but remained amicable after that.  Both were involved in Mr. McAbee's raising.  Mr. McAbee reports that he lived in Sand Springs for the bulk of his childhood and had a good childhood, despite the fact that his stepfather and mother were verbally and emotionally abusive to him as the result of him being overweight.  As the result of the emotional abuse, he suffered from bulimia from 2002 to 2018.

Mr. McAbee married Jamie Renoit in 2012, but that marriage ended in divorce with no children.  He then married Courtney McAbee in 2016, but was divorced in October 11, 2022 following the facts giving rise to the instant case being discovered.  They have one child, who is the victim of this offense. Knowing that he was going to be incarcerated for a long time and knowing that his child would need support, he signed over all of his assets and 75% of his retirement to his wife on the day of his arrest.

When Mr. McAbee was 17 years old, he began working with his uncle (who was a CPA) doing accounting.  Mr. McAbee graduated from high school.  He immediately went to work for QuickTrip.  He was first placed in their accounting department despite the fact he had no college.  He did have two years of accounting in high school and placed in the top 100 in the nation in an accounting competition in high school.  He began attending Tulsa Community College in 2008, but did not want to continue in the accounting area, seeking instead to be moved to the stores.  He then began as a store clerk at the age of 19.   He became a night

2

manager a year later. Within a year, he was promoted to area assistant manager. A year after that, he was sent to South Carolina to open stores for QuickTrip. Soon thereafter, he was promoted to first assistant manager and and put on the list to be promoted to store manager. He transferred back to Oklahoma to care for his ailing grandmother. As a part of his responsibilities, he engaged in scheduling, did profit and loss statements, cash audits, and did both weekly and monthly cash analysis. Additionally, he was responsible for all of the set up and human resources issues in the store. He was repeatedly recognized for excellence by both management and employees often receiving their top ratings in employee reviews. Mr. McAbee only lost his employment at QuickTrip following his arrest in the instant case.

Mr. McAbee was an avid church-goer and continues to participate in the religion (as evidenced by his many certificates received since he has been incarcerated.

Between 2019 and 2021. Mr. McAbee's life took an unpredictable turn. He began participating in internet forum sites via Kik Messenger (acting in some instances as an administrator for the site). Mr. McAbee used hidden cameras within his home to take pictures of his three-year-old daughter in various stages of undress or engaged in various activities. Mr. McAbee would then trade those images to other members of the forum group. These images (as well as images belonging to other members) were circulated and traded throughout the group. Additionally, it appears from the evidence that Mr. McAbee also collected known CSAM images that involved known victims not related to these sites.

B.    <u>18 U.S.C. § 3553(2) - the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense: (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the Defendant: and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

    (a)    *The seriousness of the offense, the need to promote respect for the law, and to provide just punishment for the offense.*

This is a very serious offense. Mr. McAbee has victimized his own child - but has taken responsibility for his actions. While it is true that Mr. McAbee was labeled as a "administrator" many of the other users were similarly situated with similar responsibilities. This label did not make him an organizer, he was simply a user - like many others.

Each of the crimes charged carry significant minimum sentences - the greatest of which is 20 years. The maximum sentence is up to life. Such a range allows the court great discretion when imposing a punishment. While it is true that every offense must have a punishment in order that the law be respected, it is axiomatic that the punishment be no more than what is necessary for the punishment to be just for the offense. Functioning in this manner is precisely how the courts will promote respect for the law. Mr. McAbee is facing a lengthy period of incarceration. In addition, he is facing a lengthy period of post incarceration supervision and the obligation to register as a sex offender for the rest of his life.

    (b)    *The need to afford adequate deterrence to criminal conduct.*

In any penal system, the taking away of the liberty of a defendant is the second greatest penalty to be imposed, second only to the death penalty. Time is the one thing that each of us possesses that can never be recovered. When we prescribe a term of years as punishment, we are essentially requiring the individual to forfeit a percentage of their life. Regardless of the type of sentence, the threat of incarceration is by definition deterrence to others that might consider this kind of criminal activity. Mr. Brumfield is 33 years old. Even the statutory minimum represents

two-thirds of the life he has lived. It will represent 40% of his life at the time of his release. It is also enough to provide deterrence to the Defendant. The statutory minimum for these crimes is deterrence by itself. The Sentencing Guidelines prepared by the probation office reflects a guideline sentence of life (subject to the objections filed by the Defendant). Since there is no parole in the Federal system. This is the equivalent of the death penalty since it would require the Defendant to die in custody.

(c) *The need to protect the public from further crimes of the defendant.*

Mr. McAbee is not likely to reoffend upon his release from prison. The Department of Justice tells us that sex offenders are less likely to reoffend than other criminals.[1] Further this lengthy sentence, along with his age at the time of release and treatment received while in custody should persuade the Court that the public would be protected from any future crimes of McAbee. Further, the Court should consider the degree to which Mr. McAbee has already made use of his time in custody, seeking out programs that will improve and rehabilitate him and keep him in the confines of a law abiding lifestyle upon release. (EX A)

(d) *The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. McAbee has already shown his willingness to self-enroll in and seek out helpful programs while in custody. (Again, see Exhibit A) However, it still goes without saying that Mr. McAbee is in need of sex offender treatment and counseling.

---

[1] https://smart.ojp.gov/somapi/chapter-5-adult-sex-offender-recidivism#:~:text=%22Research%20indicates%20that%20female%20sex,rates%20than%20male%20sex%20offenders.%22

5

C.      <u>18 U.S.C. § 3553(a)(3) - the kinds of sentences available pursuant to 18 U.S.C. § 3553(a)(4)(A) - the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.</u>

Based upon the calculations conducted by Probation, the sentencing guidelines place the Mr. McAbee is in Zone D and is therefore ineligible for probation. Further, because of the nature of the crime charged, he is ineligible for probation.

D.      <u>18 U.S.C. § 3553 (a) (5) - any pertinent policy statement</u>

Counsel is aware of no pertinent policy statement.

E.      <u>18 U.S.C. § 3553(a)(6) - the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

Counsel is not aware of other similarly situated defendants that have been sentenced. Counsel is certain that the Court will recall *United States v. Vanderburg*, 21-CR-410-JFH, in which this Court sentenced the Defendant to a life sentence. Counsel would point out that while both of these cases involved a Defendant that had not only made pornographic pictures with his own daughter, the Defendant in *Vanderburg* had participated in the abuse by inserting objects into the child's vagina. That actual victimization is absent here. In fact, the child was photographed using hidden cameras, therefore the child may have no knowledge that she was being photographed.

F.      <u>18 U.S.C. § 3553(a)(7) - the need to provide restitution to any victims of the offense.</u>

Mr. McAbee has agreed to pay restitution to his daughter in the amount of $5,000. There are other claims for restitution for this offense, although they are not particularized or ascertainable. However, pursuant to 18 USC §§ 2259(b)(2)(A) and (B), the Court shall order restitution in the amount of no less than $3,000.00 to the victim in this case. The exact amount of restitution is not ascertainable.

G.  Ability to pay a fine or assessments.

Mr. McAbee is aware that there is a $100-per-count assessment that is due at the time of sentencing. However, as a result of the nature of the charge, there are other assessments that *may* be imposed by the Court. There is a special monetary assessment of $5,000 per count that may be imposed pursuant to 18 USC § 3014. However, this assessment is only available for non-indigent person pursuant to 18 USC § 3014(a). In this case, Mr. McAbee has been found to be indigent by the Court before appointing counsel. The probation office has indicated that the court shall also impose an assessment pursuant to 18 USC 2259A of *not more than* $35,000 resulting from the conviction for "any person convicted of a trafficking in child pornography. However, there are no facts in this case and no crime under which Mr. Brumfield has been convicted that would trigger this assessment. Finally, when imposing this sentence, the court should consider the 3553(a) factors discussed above and the factors under 18 USC § 3572.

1.  Defendant's income, earning capacity, and financial resources;

Mr. McAbee's earning capacity at this time is non-existent. Even though he has a job history that commands a comfortable salary, it is unlikely that he would be able to return to similar work upon his release.

2.  The burden the fine will impose on the defendant, any person who is financially dependent on the defendant or any other person (including the government) that would be responsible for the welfare of any person financially dependant on the defendant, relative to the burden that alternative punishments would impose;

There is no person that is financially dependant upon the defendant at this time, although pursuant to the terms of his divorce decree (Tulsa County FD-2019-1163), he is acruing a child support arreatage at the rate of $1,092.24 per month, which shall accrue and collect interest until the child turns 20 or graduates from high school. The burden placed on the defendant cannot be proven, following what is expected to be a sentence resulting in a period of incarceration. Any

7

employment that he might obtain would be expected to be menial as the result of his status of being a convicted felon and a registered sex offender. That low potential for income combined with what will be a crippling child support arrearage would result in a significant burden to the Defendant and the mother to whom the child support will be owed.

3. <u>Any pecuniary loss inflicted upon others as a result of the offense;</u>

There has been no quantified economic loss to any person as the result of the offense.

4. <u>Whether restitution is ordered or made and the amount of said restitution;</u>

It is expected that there will be $5,000 of restitution ordered as a result of the plea agreement.

5. <u>The need to deprive the defendant of illegally obtained gains from the offense;</u>

The defendant did not profit from this offense.

6. <u>The expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;</u>

It is expected that the government will have a cost of imprisonment of the defendant resulting from his treatment and continued education and skills training during his period of incarceration.

7. <u>Whether the defendant can pass on to consumers or other persons the expense of the fine; and</u>

The defendant does not have any consumers that the costs could be passed on to.

8. <u>If the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.</u>

The defendant is an individual and therefore there is no organization as contemplated by this factor.

## V.  CONCLUSION

Before the Court is a 33-year-old man who is being sentenced based upon a plea of guilty to Count One: Child Exploitation Enterprise, Count Two: Sexual Exploitation of a Child by a Parent, Count Three: Receipt and Distribution of Child Pornography, and Count Four: Possession of Child Pornography in Indian Country.  Mr. McAbee would request that this Court consider the characteristics articulated in this memorandum, his willingness to accept treatment, and the programs in which he has already participated in or completed when imposing sentence. Mr. McAbee would request the Court to consider that this conviction is the first in his life and impose a sentence that is only great enough to impose a just punishment and no more.

Respectfully Submitted,

/s/ John M. Dunn
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Email: jmdunn@johndunnlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.

/s/ John M. Dunn
John M. Dunn