IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-CR-361-JFH |
| CAMERON KELLY MCABEE, | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S OBJECTION TO PRESENTENCE REPORT

COMES NOW, Cameron Kelly McAbee, by and through his attorney of record, John M. Dunn, and respectfully objects to the Pre-Sentence Report. Specifically, the Defendant objects to certain enhancements being applied to the Sentencing Guideline Calculation conducted by the United States Probation Office. In support of this Objection, the Defendant would show the Court as follows:

### STATEMENT OF FACTS

1. In Paragraph 26, Mr. McAbee is given a base level of 32 because he is the parent of the victim in his crime of conviction, specifically, Count 2: Sexual Exploitation of a Child by a Parent.

2. In Paragraph 28, Mr. McAbee receives a four-level enhancement because In one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus. In one picture, a nude minor female has straps on her wrists and ankles while an adult male's penis is inside her mouth and his hand is on the back of her head.

3. In Paragraph 30, Mr. McAbee receives a four-level enhancement because In one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus.

4. In Paragraph 31, Mr. McAbee receives a two-level enhancement because he is the parent of the victim in this case.

## ARGUMENT AND AUTHORITY

The Defendant is objecting to the application of three of the enhancements or in the alternative the probation office beginning the calculation with the application of §2G2.1. Essentially, the Defendant contends that the calculations done by probation should either be reduced by 10 levels, which would result in a final offense level of 37 not 47 (reduced to 43), or the application of different guidelines which would have resulted in final offense level of 35.

A. The Probation Office erred in combining the facts of all of the convictions AND applying §2G2.1.

The probation office has chosen to combine all of the crimes and then apply §2G2.1 and its enhancements to all of the conduct across the board. Such an application yields an unreasonably high results that contains multiple double enhancements for the same fact – that Mr. McAbee is S.M.'s parent. Not only does he begin 10 points higher, but he receives an additional enhancement of 2 points based upon the same facts. (Note that §2G1.2 begins at a base level of 22.) Making all of the same enhancements that were made by probation in its calculation, the result is a level 35 for a range of 168 – 210 months, which is *below* the statutory minimum of these charges.[1] (See Ex A).

While the Probation Office may have correctly chosen the section to apply, they then go to other crimes in order to apply enhancements. In other words, the guideline chosen to use the guideline that punishes parents for sexually exploiting their own children (which should be

---

[1] Counsel would note that it is not dispositive or even meaningful to consider that the guidelines are below the statutory minimum. This occurrence is relatively common in other sex crimes, including enticement. and some child pornography offenses. This anomaly also is known to extend to some drug offenses.

harsher) but then bringing in enhancements that are not relevant to the photographs of Mr. McAbee's child. As a result, Mr. McAbee receives a total of eight levels of enhancement that do not pertain to his child, followed by a two-level enhancement that one only gets if they are the parent of the victim.

    B. <u>The Probation Office applies §2G2.1(b)(4)(B) and §2G2.1(b)(2)(B) without adequate justification.</u>

The Probation Office applies the enhancement under §2G2.1(b)(2)(B) citing evidence that in one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus. In one picture, a nude minor female has straps on her wrists and ankles while an adult male's penis is inside her mouth and his hand is on the back of her head. They further applied the enhancement under §2G2.1(b)(4)(B) citing evidence that a "nude toddler's hands were bound by tape". The Probation Office fails to identify whether those pictures are pictures of S.M. Based upon the evidence of the case, it is believed that they are not. The fact that these enhancements, resulting in a total of an eight-level enhancement, are not related to the parent offender / child victim that is contemplated by these guidelines. This is inappropriate since the Probation Office began its analysis through the crime of conviction of Count II - Sexual Exploitation of a Child by a Parent. The enhancements to the base level for this offense should be relevant to this offense[2]. Defendant contends that there were actually two offenses or schemes that were being perpetrated. The first was the manufacturing of child pornography involving his daughter. The second was the collection and trading of existing child pornography (as evidenced by the named series disclosed in the Presentence Report that were never a part of the "trading" scheme that was occurring in the Kik groups. Had those schemes been evaluated separately, the proper enhancements could

---

[2] Counsel notes and is aware of the use of "Relevant Conduct" for enhancements. Counsel is raising this issue for the purposes of testing / clarifying the law on this subject.

3

have been applied to each one and the proper enhancement for non-grouped offenses could have been given, if required. If this is evaluated from the prospective of two criminal acts, the sentencing guidelines yield a Level 37 with a range of 210-262 months. (Ex B)

C. The Incorrect Guideline Calculation Leads to an Unreasonable Sentence

It has been long said that 'a sentence within the guideline range is presumptively reasonable. This is so self evident and to not need authority to support it. However, That statement relies on a correctly calculated guidelines.

> To assess the procedural reasonableness of a defendant's sentence, we examine whether the district court appreciated the advisory nature of the Guidelines, **correctly calculated** the applicable Guidelines range, and considered the § 3553(a) factors when crafting the sentence.
>
> *United States v. Bernandino-Mejia*, 238 F. App'x 373, 375 (10th Cir. 2007), See also *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114-15 (10th Cir. 2006) (Emphasis Added).

As is shown here, an incorrectly calculated guideline sentence leads to a disproportionately large sentence, which is unreasonable. Since 3553 requires that a sentence that is imposed be reasonable, an unreasonable sentence would actually also be a sentence that is contrary to law. If there is no clear authority either way, then as this is a criminal matter, the decision should be made in favor of the accused and in against the government. Therefore the lesser sentence should be the one imposed.

## **CONCLUSION**

The guidelines chosen by the probation office have artificially inflated the sentence to which Mr. McAbee is exposed. Defendant contends that the correct application of the guidelines, which recognizes that there were in fact two separate criminal schemes being perpetrated, would result in a Level 37 with a range of 210-262 months. Mr. McAbee

respectfully requests that this Court enter an order adopting the sentencing guideline calculations attached hereto as Exhibit B.

                          Respectfully submitted,

                          /s/ John Dunn_____
                          John M. Dunn, OBA No. 20975
                          The Law Offices of John M. Dunn, PLLC
                          616 South Main Street, Suite 206
                          Tulsa, OK  74119
                          Telephone: (918) 526-8000
                          Facsimile: (918) 359-5050
                          Email: jmdunn@johndunnlaw.com
                          ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of May 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.

                          /s/ John Dunn_____
                          John M. Dunn, OBA No. 20975