IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CR-361-JFH |
| | ) |
| CAMERON KELLY MCABEE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT DATED JUNE 14, 2023**

COMES NOW, Cameron Kelly McAbee, by and through his attorney of record, John M. Dunn, and respectfully objects to the Revised Pre-Sentence Report prepared on June 14, 2023. Specifically, the Defendant objects to certain enhancements being applied to the Sentencing Guideline Calculation conducted by the United States Probation Office. In support of this Objection, the Defendant would show the Court as follows:

**STATEMENT OF FACTS**

1. In Paragraph 25, Mr. McAbee is given a base level of 35 because he is convicted of an offense involving a sexual exploitation enterprise.

2. In Paragraph 26, Mr. McAbee receives a four-level enhancement because his daughter is under the age of 12.

3. In Paragraph 27, Mr. McAbee receives an additional two-level enhancement because he was the parent of the minor involved in the offense.

4. In Paragraph 28, Mr. McAbee receives a two-level enhancement because In one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus. In one picture, a nude minor female has straps on her wrists and ankles while an adult male's penis is inside her mouth and his hand is on the back of her head.

5. In Paragraph 29, Mr. McAbee receives a two-level enhancement because a computer was used in the offense.

6. In Paragraph 34, Mr. McAbee receives a five-level enhancement because the offenses are covered sex crimes and he engaged in a pattern of activity involving coercion and enticement of a minor. Specifically, Mr. McAbee produced hours of child pornography video of his toddler child over several years.

## ARGUMENT AND AUTHORITY

Mr. McAbee re-iterates and re-avers his position in his original objection that the correct calculation would be to begin with §2G1.2 , which was fully argued at Dkt# 46. The Defendant is objecting to the application of the enhancement in Paragraph 34, which is a five-level enhancement that is applied pursuant to §4B1.5(b)(1) and comment or in the alternative the probation office beginning the calculation with the application of §2G2.6. Essentially, the Defendant contends that the calculations done by probation should either be reduced by 5 levels, which would result in a final offense level of 45 not 50 (reduced to 42 through acceptance of responsibility), or the application of different guidelines which would have resulted in final offense level of 35. When this enhancement is omitted, the correct finding is that Mr. McAbee is Level 42 and Category I, which would result in a guideline range of 360 months to life.

A. The Probation Office erred applying §4B1.5.

The probation office has chosen to apply the five-level enhancement available under §4B1.5 asserting that "the offenses are covered sex crimes and he engaged in a pattern of activity involving coercion and enticement of a minor. Specifically, Mr. McAbee produced hours of child pornography video of his toddler child over several years." The conditions that must be present before the is enhancement may be applies are 1. A covered sex crime (Counts

1 and 2 are listed under 18 USC Chapter 110) **and "**the defendant engaged in a pattern of activity involving coercion and enticement of a minor." Such is not the case here. On its face, the Probation Office contends that the "defendant produced hours of child pornography of his toddler child over several years." The facts of the case are that these recordings were made using hidden cameras and the child was unaware that she was being recorded.

Under Federal Law, "coercion and enticement of a minor" is a specific crime under 18 USC 2251(a), which reads in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

A plain reading of the statute requires that the person being prosecuted be actively taking steps to employ, use, persuade, induces, entice, or coerce. Hiding a camera and taking photographs and movies of the undirected activities that a child may naturally do is not the same as taking an affirmative act to get the child to engage in activities that they may not otherwise do. Black's Law Dictionary defines "entice" as "[t]o solicit, persuade, or procure. *Nash v. Douglass*, 12 Abb. Prac. N. S. (N.Y.) 190; *People v. Carrier*, 46 Mich. 442, 9 N. W. 487; *Gould v. State*. 71 Neb. 651, 99[1] The same source defines "coercion" as "compulsion; force; duress. It may be

---

[1] https://thelawdictionary.org/?s=entice

either actual, (direct or positive.) where physical force Is put upon a man to compel him to do an act against his will, or implied."[2] Whether the criminal statute is referenced or the individual words are defined, it is clear that, in order for the enhancement to apply, there **must** have been an affirmative act on the part of the defendant that results in the child engaging in the conduct that was filmed. Such is simply not the case here. While the surreptitious recording of his daughter in order to produce child pornography may be reprehensible, it is **not** the same as coercion or enticement. Therefore, the enhancement is not appropriate.

      B. <u>The Incorrect Guideline Calculation Leads to an Unreasonable Sentence</u>

It has been long said that 'a sentence within the guideline range is presumptively reasonable. This is so self evident and to not need authority to support it. However, That statement relies on a correctly calculated guidelines.

> To assess the procedural reasonableness of a defendant's sentence, we examine whether the district court appreciated the advisory nature of the Guidelines, **correctly calculated** the applicable Guidelines range, and considered the § 3553(a) factors when crafting the sentence.
>
> *United States v. Bernandino-Mejia*, 238 F. App'x 373, 375 (10th Cir. 2007), See also *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114-15 (10th Cir. 2006) (Emphasis Added).

As is shown here, an incorrectly calculated guideline sentence leads to a disproportionately large sentence, which is unreasonable. Since 3553 requires that a sentence that is imposed be reasonable, an unreasonable sentence would actually also be a sentence that is contrary to law. If there is no clear authority either way, then as this is a criminal matter, the decision should be made in favor of the accused and in against the government. Therefore, the five-point enhancement pursuant to §4B1.5 should not be applied.

---

[2] https://thelawdictionary.org/?s=coercion

## CONCLUSION

The guidelines chosen by the probation office have artificially inflated the sentence to which Mr. McAbee is exposed by applying an enhancement that is not appropriate. While the Defendant contends that the correct guidelines are the ones that he proposed as a part of his Objection to Pre-Sentence Report at Dkt#46, if the Court were to adopt the guidelines calculated in the Pre-Sentence Report dated June 14, 2023, the Court should disallow the five-level enhancement at Paragraph 34 and find that the resulting guideline sentence is from a offense level 42 and criminal history category I which would result in a sentencing range of 360 months to life. Under those conditions, and for the reasons articulated in the Defendant's Amended Sentencing Memorandum at Dkt# 48.

        Respectfully submitted,

        /s/ John Dunn_____
        John M. Dunn, OBA No. 20975
        The Law Offices of John M. Dunn, PLLC
        616 South Main Street, Suite 206
        Tulsa, OK  74119
        Telephone: (918) 526-8000
        Facsimile: (918) 359-5050
        Email: jmdunn@johndunnlaw.com
        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.

        /s/ John Dunn_____
        John M. Dunn, OBA No. 20975