## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-361-JFH** |
| **CAMERON KELLY MCABEE,** | |
| **Defendant.** | |

### Government's Sentencing Memorandum

A jury convicted Cameron McAbee of sexually exploiting his three-year-old daughter and possessing, receiving, and distributing child pornography. His egregious crimes earned McAbee an off-the-scale offense level of 50, and after a reduction to the maximum of 43, he faces a guidelines sentence of life imprisonment. Applying the § 3553(a) factors, this Court should impose that life term, as well as lifetime supervised release, and order payment of restitution to S.M. and all other requesting victims.

### Both the guidelines and the § 3553(a) factors warrant a life sentence.

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. U.S.*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*. In calculating the appropriate advisory guideline range, the district court should consider all relevant conduct proven by a

preponderance of the evidence. Relevant conduct under the Guidelines thus " 'comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct.' " *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1095 (10th Cir.2007) (quoting *United States v. Allen*, 488 F.3d 1244, 1254-55 (10th Cir.2007)).  After determining the applicable advisory Guideline range, the district court must then consider the sentencing factors pursuant to 18 U.S.C. § 3553(a) to shape an appropriate sentence.

Here, a guideline sentence of life imprisonment provides for a sentence that is proportional to the heinous and egregious nature of the offenses, satisfies the factors of 18 U.S.C. § 3553(a), and is not unmoored from the recommendations of the Sentencing Guidelines. The nature of McAbee's conduct in this case is too heinous, and his future risk to the community too great, to warrant a sentence less than life imprisonment.

### a.  Nature and Circumstances of the Offense

McAbee exploited his daughter, who was three years old when he was arrested, as well as facilitating and trading on the sexual exploitation of dozens of other children around the world. Starting around July 1, 2019, McAbee began logging into various internet chat forums dedicated to sharing sexual images and videos of the members' young daughters engaged in sexually explicit conduct. McAbee was not merely a member and active participant, but he also served as an administrator, controlling the requirements for membership. As an administrator, McAbee enforced admission rules, including a requirement that all prospective participants show that

2

they had access to a child.  To remain members, they were required to periodically share images of the sexual abuse of that child. Another of McAbee's admission rules was that members who just joined the group were required to post a picture of themselves with their child, or a live image of their child, within three minutes of joining the group. This specific admission requirement was a direct effort to circumvent law enforcement investigations.

Investigators have apprehended at least 20 individuals connected to the chat forum administered by the defendant, not only in the United States, but also Australia, Canada, and Norway. At least 20 child victims, whose abuse was documented and traded on the forum run by the defendant, were able to be identified and rescued after investigators dismantled the forum.

Apart from administering these sites, McAbee took part in the sexual exploitation of his own daughter. McAbee took multiple graphic up close photos of his daughter's genitalia, often forcing her to pose in a suggestive manner, such as with a lollipop in her mouth. These photos were recovered from an encrypted storage application found on his iPhone, where they were kept in a folder separate from other files of child pornography entitled "S". Presumably for his daughter's first name. He then shared these exploitative images on the forum he administrated, distributing his daughter's abuse to other pedophiles around the world. In addition to sexually exploiting his daughter up close, McAbee also did so from a distance. McAbee installed throughout his house at least 10 hidden cameras, which he used to take explicit still and video images of his three-year-old daughter and other children and

3

adults that visited the house. McAbee had over one hundred images taken with these hidden cameras on his cell phone. Many of these images met the federal definition of child pornography and were also found to have been distributed to the forum administrated by McAbee. Investigators discovered messages from McAbee to other members of the group, where he discussed excitement over installing a pool so that his hidden camera system could capture other neighborhood children naked as they changed into swimsuits at his house. In addition to sending images of his daughter's sexual abuse to other members, McAbee repeatedly told them about abusing his own daughter, including holding the toddler down as she tried to escape the abuse.

On the McAbee's electronic devices, law enforcement found a total of 1,309 visual depictions of child sexual abuse. These visual depictions contained images of 18 different prepubescent minor females, many of which appear to images and videos created by other members of the forum as they sexually abused their own children. Several of these files depict children as young as toddlers being bound by either the wrists, ankles, or both, while being orally, vaginally, and anally raped by adult men and objects.

### b. History and characteristics of the defendant

McAbee's most relevant characteristic is the level of exploitation he inflicted on his daughter and his decision to enable and encourage other adults to exploit their children as well.  Additionally, the level of his organization, as administrator, and his devious attempts to circumvent law enforcement shows the depth of his depravity and how far he was willing to go in order to exploit young children.

4

   **c. The need for the sentence to reflect seriousness of the offense, respect for the law, provide just punishment, deter future criminal conduct by defendant and others, and to protect the public from further crimes of the defendant**

   *1. A life sentence would reflect the seriousness of McAbee's offenses.*

"Retribution is a valid penological goal." *Glossip v. Gross*, 135 S. Ct. 2726, 2769 (2015) (Scalia, J. concurring). The "length of the sentence reflects the gravity of the crime." *United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008). Punishment is the way in which society expresses denunciation of wrongdoing, and it is thus essential that this Court promote and maintain respect for the law by pronouncing sentences that fully reflect society's revulsion. *See Gregg v. Georgia*, 428 U.S. 153, 184 n. 30 (1976) (citing Royal Commission on Capital Punishment, Minutes of Evidence, Dec. 1, 1949, p. 207 (1950)). In the same vein, Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense."  S.Rep. No. 98 225, at 75 76, 1984 U.S.C.C.A.N. 3258 59.

   Here, the seriousness of McAbee's crimes, taken with the need for just punishment and the goal of promoting respect for the law, weigh heavily in favor of a life sentence.

   *2. A life sentence would promote respect for the law.*

   This Court's sentence must consider the need to "promote respect for the law." 18 U.S.C. § 3353(a)(2)(A). When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child

pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which included 18 U.S.C. § 2251, was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the Act, and its later amendments, are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

McAbee's actions violated federal law, but they also transgressed every conceivable normative principle undergirding our laws and the sense of trust and morality associated with being a parent. By installing hidden cameras in their family home, McAbee turned a space that should have been considered safe, into an intrusive environment. McAbee's sexual abuse and exploitation of against his own daughter and his encouragement of others to take advantage of children is repugnant and corrosive to our society. Nothing less than the guideline sentence of life in prison expresses an appropriate level of social condemnation of his crimes.

### 3. *A life sentence would account for the impact on McAbee's crimes on victims*

Sexually exploited children struggle to develop healthy affectionate relationships, they suffer from sexual dysfunctions, and they tend to become sexual abusers themselves. *See New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (citation omitted).

6

One thing is certain—just as his daughter reached the age of three, McAbee destroyed any possibility of her life ever being normal. Even if she never fully learns what her father did to her and can move on psychologically from his crimes, she will grow up in a world where images of her sexual abuse at the hands of her own father live on in perpetuity on the internet. Every image that McAbee shared in online chat rooms will likely remain in circulation forever.

In addition to McAbee's abuse and exploitation of his own daughter, his large and graphic child pornography collection revictimized other children. He consumed massive amounts of media depicting child sex abuse with no regard to the broken lives depicted in the images and videos that he willingly shared and helped create. As the Supreme Court has recognized, "[t]he distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children …. [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation..." *Ferber*, 458 U.S. at 758–59 nn. 9–10 (citations omitted).

A guideline sentence of life in prison is necessary to recognize the victims harmed by McAbee's conduct and to vindicate our laws protecting children.

### 4.  *A life sentence would provide adequate deterrence and protect the public.*

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *Id*.

7

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). McAbee fits well within that class. His pattern of remorseless sexual exploitation evidences a high probability of recidivism if this Court allows him the chance to reenter society. A strong need thus exists to protect his own child and other children in the community from McAbee—now and well into the future.

This Court should also impose a life sentence to send a strong warning to other individuals currently involved in or considering similar conduct—especially those in the chat rooms where McAbee was an administrator, who may have been inspired by his conduct (including his attempts to circumvent law enforcement). *See United States v. Irey*, 612 F.3d at 1208 (11th Cir. 2010) ("There is another aspect of the compounding harm that the production and distribution of child pornography inflicts. It may incite or encourage others to sexually abuse children."). A life sentence signals to adults inclined to sexually abuse vulnerable children that such behavior is abhorrent and will be punished harshly.

### d. McAbee's conduct warrants a life sentence.

The seriousness and duration of McAbee's offenses demonstrate the need for a guidelines' sentence of life in prison. McAbee did not suffer from a solitary lapse in judgment. His conduct was calculated and premeditated. For years he deliberately and consistently elected to sexually exploit his own young daughter—and then broadcast and brag about his abuse on the internet. His abuse and exploitation of his

own daughter would alone warrant a life sentence; but McAbee went much further. He acted as an administrator to a group of other depraved individuals, actively encouraging them to exploit and sexually abuse young children and facilitating their sharing of images of that abuse.

The Tenth Circuit has affirmed life and natural-life sentences for conduct reaching lesser levels of depravity. In *United States v. Franklin*, the Tenth Circuit upheld as reasonable a 100-year guideline sentence for a defendant that advertised, received, distributed, and possessed, but did not produce child pornography. *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015). Similarly, in *Grigsby,* the Tenth Circuit upheld as reasonable a 260-year sentence for production of child pornography involving a single nine-year-old victim, citing that "the emotional damage Defendant caused his victim, the antisocial behavior Defendant had engaged in over the course of his life, and the public's need for protection from Defendant" justified such a life sentence. *United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014).

Likewise, other Courts of Appeals have upheld sentences of life and longer for comparable conduct. The Eleventh Circuit upheld as reasonable a 140–year sentence where a defendant with a category I criminal history, abused and photographed three boys between the ages of 8 and 16. *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006). The Eighth Circuit upheld as reasonable a 750-year sentence for a first-time offender, offense-level 52, who had taken pornographic pictures of five 8 to 11-year-old girls, including two of his granddaughters. *United States v. Betcher*, 534 F.3d

820, 827-28 (8th Cir. 2008); *see also United States v. Brown*, 843 F.3d 74, 75 (2d Cir. 2016) (upholding 60-year sentence for defendant who produced child pornography of at least five children, including an infant).

Although this Court must consider factors beyond McAbee's offense conduct, this Court should nonetheless give significant weight to his offense conduct in crafting his sentence here. *See, e.g.*, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."). By exploiting his own toddler, McAbee has wreaked upon her a lifetime of emotional damage. By distributing her images on the internet, he has exposed her to a lifetime of humiliation. By possessing and distributing images of other abused children, McAbee has victimized them all over again. McAbee's callous disregard in sexually exploiting his own daughter and encouraging others to do the same to their children warrants the most serious sentence available – life in prison.

## Conclusion

This Court should sentence Cameron McAbee to life imprisonment. Nothing in the offense conduct or McAbee's history and characteristics warrant a downward departure or variance. A Guidelines sentence of life imprisonment is the only reasonable sentence because it is the only sentence that reflects the seriousness of McAbee's crimes, provides just punishment for those crimes, fully protects his own victimized child and children in the community, and promotes respect for the law.

Respectfully submitted,

CLINT JOHNSON
UNITED STATES ATTORNEY

*/s/ Christopher J. Nassar*
Christopher J. Nassar, OBA #31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK  74119
Telephone:  918.382.2700
Facsimile:  918.560.7939

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

John M. Dunn
*Counsel for Defendant*

*/s/ Christopher J. Nassar*
Christopher J. Nassar
Assistant United States Attorney