FILED
United States Court of Appeals
Tenth Circuit

December 1, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CAMERON KELLY McABEE,

    Defendant - Appellant.

No. 23-5097
(D.C. No. 4:21-CR-00361-JFH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **McHUGH**, and **EID**, Circuit Judges.
_____

    Cameron Kelly McAbee pleaded guilty to several crimes and received a life sentence. He has appealed even though his plea agreement included a broad appeal waiver. The government now moves to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

    We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See id.* at 1325. Mr. McAbee does not dispute that his waiver covers this appeal or that he knowingly

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and voluntarily waived his rights. And so we need not address those issues. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

We turn, then, to whether enforcing Mr. McAbee's waiver will result in a miscarriage of justice. On this question, Mr. McAbee bears the burden. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327.

Mr. McAbee argues that enforcing his waiver will result in a miscarriage of justice because the district court miscalculated the sentencing-guidelines range. Through a process of elimination, we understand this argument to claim that the waiver is otherwise unlawful. An alleged sentencing error, however, does not suggest that the waiver is unlawful: "Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Mr. McAbee has therefore failed to show that enforcing his appeal waiver will result in a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court<br>
Per Curiam

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | |
|---|---|
| Christopher M. Wolpert<br>Clerk of Court | Jane K. Castro<br>Chief Deputy Clerk |

December 01, 2023

Mr. Ryan Thomas Truskoski
1300-G El Paseo Road, Suite 122
Las Cruces, NM 88001

**RE:**     23-5097, United States v. McAbee
           Dist/Ag docket: 4:21-CR-00361-JFH-1

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Ashley Robert

CMW/art

# Sydney Arrington

| | |
|---|---|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov |
| **Sent:** | Friday, December 1, 2023 11:17 AM |
| **To:** | CM-ECF Intake OKND |
| **Subject:** | 23-5097 United States v. McAbee "Case termination for order and judgment" (4:21-CR-00361-JFH-1) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 12/01/2023 at 10:12:33 AM Mountain Standard Time and filed on 12/01/2023

| | |
|---|---|
| **Case Name:** | United States v. McAbee |
| **Case Number:** | 23-5097 |
| **Document(s):** | Document(s) |

**Docket Text:**
[11048975] Dismissed. Terminated on the merits after submissions without oral hearing. Written, unsigned, unpublished. Judges Bacharach, McHugh and Eid. Per Curiam. Mandate to issue. [23-5097]

**Notice will be electronically mailed to:**

Ashley Robert: ashley.robert@usdoj.gov, william.foreman@usdoj.gov, clara.ard@usdoj.gov, caseview.ecf@usdoj.gov
Mr. Ryan Thomas Truskoski: Rtrusk1@aol.com

The following document(s) are associated with this transaction:
**Document Description:** Order and Judgment
**Original Filename:** 23-5097.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=12/01/2023] [FileNumber=11048975-0]
[8e97499489952fa076150b1423b1909de5b823d4512cd37be0e2300d258666b5caf1f86ba3ae319e600cde46e7e3d2190
1f8ea2ef8e715f478c6b399290c73b6]]

**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/AntoinetteThomas_235097_11048975_136.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=12/01/2023] [FileNumber=11048975-1]
[e30754d0ae465fcac57c6c4bba7ca54164f4a01f85847e05693077dce0ffd96ac8fba5b701050f797865b0e3c8d3d7a9239
9a9151dbb065ea2fefd824375737]]
**Recipients:**

- [Ashley Robert](#)
- [Mr. Ryan Thomas Truskoski](#)